NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

**Signed January 30, 2009**  **United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GPR HOLDINGS, LLC | § | Case No. 01-36736-HDH |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| | § | HEARING DATE: 12/19/08 |
| | § | HEARING TIME: 9:00 a.m. |

### ORDER AND FINAL DECREE

On November 26, 2008, GPR Holdings, LLC (referred to herein as the "Debtor") served and filed its Motion for Order Discharging Plan Trustee, and GPR Trust Advisory Committee Members, Enforcement of Confirmation Order with Respect to Claims, Termination of Trust and Report of the GPR Trust ("Motion") [Docket # 547]. Based on the Court's review of the docket and the Motion, the Debtor representing that the above-captioned chapter 11 case (the "Case") is ripe for entry of a final decree, and no objections or responses having been filed to the Motion,

and the Court finding that the Debtor's estate has been fully administered and a final decree should be entered closing the Case as of December 31, 2008. It is therefore

ORDERED that the Motion is granted. It is further

ORDERED that effective December 31, 2008 (or such later date through which the Trust is extended by the terms hereof), the GPR Trust and the Plan Trustee, Michael R. Buchanan, are released and discharged, and an injunction provided for under paragraph 10.6 of the GPR Plan imposed, subject to the rights of Bayerische Hypo-Und Vereinsbank Aktiengesellschaft Hypo-Und Vereinsbank ("HVB"), as set forth herein.[1] It is further

ORDERED that effective December 31, 2008 (or such later date through which the Trust is extended by the terms hereof), the GPR Trust Advisory Committee, Dan Dalke, Salvatore Esposito and Michael R. Buchanan are discharged and relieved of any further duties or obligations and each member of the GPR Trust Advisory Committee and his employer, HVB (Salvatore Esposito) and American Warrior (Dan Dalke) are released from any and all claims arising from their service on the GPR Trust Advisory Committee. It is further

ORDERED that the extension of the injunction contemplated in paragraph 10.6 of the Plan is imposed and effective as of December 31, 2008 (or such later date through which the Trust is extended by the terms hereof), subject to HVB's rights set forth herein. Thus, any and all Creditor (or Creditors) asserting a Claim are hereby enjoined from pursuing any Claims against the Trust, the Plan Trustee, the Advisory Committee or its members, and the Trust's, the

---

[1] Any capitalized terms not otherwise defined in the Motion shall have the meaning ascribed in the GPR Plan.

Advisory Committee's or its members' and/or Debtor's professionals, subject to HVB's rights set forth herein.   It is further

ORDERED that the order approving the Transfer Motion shall remain in effect and that any property and cash presently held as well as future payments and distributions or property whether arising from  account receivables of GPR or otherwise subject to HVB's lien, regardless of the source, including but not limited to the distributions from Enron, will be turned over to HVB by the Plan Trustee and that the Plan Trustee shall maintain standing to collect any and all amounts due and owing the GPR Trust or GPR after termination of the GPR Trust (nothing herein shall prohibit HVB to collect such amounts of money or property directly as opposed through the Plan Trustee).  It is further

ORDERED that all transfers and distributions to HVB shall include all right, title and interest therein and shall be free and clear of all liens, claims and encumbrances of any kind or nature (other than the lien of HVB).  Nothing herein shall be construed as a waiver or release by HVB of any claims, liens, interests or rights it may have as against any person or entity, including GPR and the GPR Holding Trust, and any affiliates of GPR (including Aurora Natural Gas, LLC, ANG Holdings, LLC, Western Natural Gas, LLC, GPPS, LLC and GPSS, LLC), all of which are retained, except to the extent HVB's claim against GPR and the GPR Holdings Trust will be reduced by the amount of funds received by HVB on account of such claim.  It is further

ORDERED that pursuant to the terms of the GPR Trust, the Plan Trustee shall pay from unsecured funds any and all remaining costs of the Trust, including contractual fees to the Plan Trustee, outstanding counsel fees and expenses and any other reasonable and necessary expenses of the GPR Trust prior to the termination of the GPR Trust. In the event the Plan Trustee believes a short extension of the operations of the GPR Trust to finalize any outstanding matters, the Plan Trustee is authorized to extend the GPR Trust through March 28, 2009.  Any such extension shall be within the sole discretion of the Plan Trustee.  It is further

ORDERED that certain distributions to unsecured creditors were either not cashed in a timely manner or were returned undeliverable, that such distributions are now the property of the GPR Trust and not subject to the claims of such creditors, that the Plan Trustee has not been paid his monthly draw as permitted by the Plan and Trust since March 2007 and counsel for the GPR Trust have not been paid money owed it and that such returned distributions and any other unused funds of the GPR Trust not subject to HVB's lien may be used to pay both the Plan Trustee and counsel.  It is further

ORDERED that the Trustee may distribute any remaining funds or assets not subject to HVB's lien to pay outstanding expenses (including accrued unpaid fees and expenses of the Plan Trustee and unpaid legal fees of counsel to the GPR Trust) and may make any additional distributions in accordance with the terms of the Plan if in his discretion he deems such a distribution necessary and further may transfer to HVB any and all funds or assets subject to HVB's lien as provided herein.  It is further

ORDERED that other than as set forth herein, no further payments to creditors will be made from the GPR Trust.  It is further

ORDERED that the Court shall retain jurisdiction to enforce and interpret this Order.  It is further

ORDERED that, this Order shall constitute the final decree and the Case of GPR Holdings, LLC (Case No. 01-36736) closed for all purposes effective December 31, 2008, subject to the terms hereof.

### ###END OF ORDER###